UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Crim. No. 14-231 (PAM/LIB)
Civ. No. 18-1034 (PAM)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Christopher Michael Strong, Sr.,

Defendant.

This matter is before the Court on Motion to Vacate under 28 U.S.C. § 2255 by Defendant Christopher Michael Strong, Sr. Because Strong is not entitled to any relief under § 2255, his Motion is denied.

**BACKGROUND**

In December 2014, a jury found Strong guilty of aggravated sexual abuse for holding his girlfriend against her will for a three-day period, during which he physically and sexually assaulted her. (Docket No. 79.) She ultimately escaped, but Strong caught up with her and pushed her in front of a moving vehicle on a highway, causing a compound fracture to her leg. At trial, the Government presented testimony from the victim, several police officers, and a passerby who drove the victim and Strong to the hospital. (See Trial Tr. (Docket Nos. 105-07) at 2.) The Government also presented evidence of Strong's prior assault conviction for physically and sexually assaulting his then-wife. Strong retained an expert witness—though the Court ultimately excluded him—along with other witnesses who were present in Strong's home during the three-day period the victim was confined.

(Id. at 2, 200.) The Court sentenced Strong to 360 months' imprisonment followed by five years' supervised release. (Docket No. 93.)

Strong appealed, arguing that the Court erred in admitting evidence of his prior assault conviction, wrongly excluded his expert witness, and erred in applying certain sentencing enhancements. United States v. Strong, 826 F.3d 1109, 1113 (8th Cir. 2016). The Eighth Circuit affirmed Strong's conviction and sentence.

**DISCUSSION**

Strong now moves to vacate his conviction and sentence under § 2255, arguing that his trial counsel was constitutionally ineffective. The Government filed an opposition to Strong's § 2255 Motion, (Docket No. 124), and Strong filed a reply, (Docket No. 127).

To prove ineffective assistance of counsel, Strong must establish that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. The Court's "review of counsel's performance is 'highly deferential.'" Booth v. Kelley, 882 F.3d 759, 762 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 689). "Prejudice requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors." Auman, 67 F.3d at 162 (quotation omitted).

None of Strong's claims rise to the level of ineffective assistance of counsel under Strickland. First, Strong contends that his counsel was ineffective for not advising him of the risks of going to trial and for failing to inform him of the details of any plea negotiations, if such negotiations existed. But to satisfy Strickland's prejudice prong, Strong "must present some credible, nonconclusory evidence that he would have pleaded guilty had he been . . . advised of a potential plea agreement." United States v. Petters, 986 F. Supp. 2d 1077, 1088 (D. Minn. 2013) (Kyle, J.) (quotation omitted). Here, he admits only that he "would have . . . seriously considered" accepting a plea offer. (Def.'s Reply Mem. (Docket No. 127) at 2.) That admission is far from nonconclusory evidence that he would have pleaded guilty and, therefore, this argument is meritless.

Second, Strong contends that his counsel was ineffective for failing to adequately attack the credibility of the victim in this matter. Specifically, he argues that his counsel did not emphasize the victim's failure to notify law enforcement that she was sexually assaulted until ten days after the alleged assaults took place. The trial record belies this argument because, in closing, defense counsel specifically addressed the issue:

> But not until ten days later is when any information about sexual assault comes from [the victim] to law enforcement. Not at the hospital, the first hospital which she went to. Not anywhere in between. Not until ten days later.
>
> And there's no dispute that because ten days had passed, the ability for corroboration . . . could not be found through any forensic evidence, a Sexual Assault Nurse Exam.

(Trial Tr. at 263, 268-69, 276.) Strong further argues that "it cannot be proven that any sexual assault occurred" because no sexual assault nurse exam was performed. (Def.'s

3

Reply Mem. at 8.) But the evidence adduced at trial was more than sufficient to establish beyond a reasonable doubt that he sexually assaulted the victim.

Strong also insists that his counsel failed to properly investigate his case and to identify additional witnesses whose testimony would have further impeached the victim. "[F]ailing to present mitigating evidence may be ineffective assistance if, due to inadequate trial preparation and investigation, counsel has through neglect failed to discover such evidence." Holder v. United States, 721 F.3d 979, 994 (8th Cir. 2013) (quotation omitted). "[T]rial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary." Link v. Luebbers, 469 F.3d 1197, 1203 (8th Cir. 2006). Here, there is no indication that his counsel's trial investigation or preparations were inadequate. His counsel filed several pretrial motions; argued to suppress certain statements that Strong made to police; filed motions in limine; prepared several witnesses, including one expert witness; and presented an aggressive defense at trial. Furthermore, Strong does not identify which witnesses he believes his counsel should have interviewed. Therefore, Strong cannot establish that his counsel's performance was inadequate.

In any event, "[t]he likelihood of a different result must be substantial, not just conceivable," to demonstrate prejudice under Strickland. Harrington v. Richter, 562 U.S. 86, 112 (2011). Even crediting Strong's representations, the evidence was still more than sufficient to convict him of aggravated sexual assault. The jury heard testimony from the victim, and although no physical evidence corroborated the sexual assault, the Government presented other evidence to support a finding of guilt. For example, the witness who drove

4

Strong and the victim to the hospital testified that Strong kept asking to be dropped off before they arrived at the hospital. (Trial Tr. at 79-80.) And at the hospital, Strong told police officers, "Call the Feds, I want to go back." (Id. at 98.) The jury clearly found the victim's testimony credible over other evidence, and therefore, Strong fails to establish any prejudice. See United States v. Peltier, 553 F. Supp. 890, 897 (D.N.D. 1982) ("Assessing the credibility of the witnesses lies within the province of the jury.").

Finally, Strong argues that his counsel was ineffective for failing to (1) review his presentence report before sentencing and (2) spend adequate time in consultation. These arguments are meritless because they are conclusory and without any basis in fact.

An evidentiary hearing is not necessary because there are no material facts in dispute and the record conclusively refutes Strong's allegations. 28 U.S.C. § 2255(b). And Strong is not entitled to a certificate of appealability. A certificate of appealability is available only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Strong's claim is not debatable and does not deserve encouragement to proceed further.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Vacate (Docket No. 120) is **DENIED**; and

2. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civ. No. 18-1034.


Dated: August 29, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge